USCA1 Opinion

 

 October 6, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2231 WESTON J. STOW, Plaintiff, Appellant, v. WARDEN, NEW HAMPSHIRE STATE PRISON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ____________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Weston J. Stow on brief pro se. ______________ Jeffrey R. Howard, Attorney General, and William C. McCallum, __________________ _____________________ Assistant Attorney General, on brief for appellees. ____________________ ____________________ Per Curiam. Asserting that "effective meaningful __________ legal research often requires browsing through as many as thirty different lawbooks a day," and having been unable to proceed at such a pace (at least when the volumes plaintiff wished to consult were in the main library rather than in the satellite library), plaintiff filed the present action. We conclude that plaintiff's action was properly dismissed under 28 U.S.C. 1915(d). The deficiencies plaintiff described in the satellite library plus the limitation to two photocopy cases per request from the main library may slow the pace of legal research, but do not rise to the level of an unconstitutional denial of access to the courts. Caldwell v. Miller, 790 F.2d ________ ______ 589, 606 (7th Cir. 1986); Campbell v. Miller, 787 F.2d 217, ________ ______ 225-30 (7th Cir.), cert. denied, 479 U.S. 1019 (1986) _____________ (prisoner limited to two books at a time, for which he may wait twenty-four hours to one week to obtain). Plaintiff has misjudged the standard by which the constitutional adequacy of the legal resources are measured. The deficiencies plaintiff identified may prevent plaintiff from preparing the honed brief of a lawyer, but such is not required from a pro se, whose filings are liberally construed. The deficiencies complained of would not prevent plaintiff from adequately communicating with the courts, and plaintiff's conclusory assertion that he lost a case because of the deficiencies adds nothing. Nor was the state required to provide plaintiff with assistance from someone trained in the law. Cepulonis v. Fair, 732 F.2d 1, 6 (1st Cir. 1984) (inmate _________ ____ entitled to adequate law library or assistance from persons trained in the law, not both). Plaintiff also asks this court to order the warden of the Massachusetts prison where plaintiff is currently housed to pay the postage for plaintiff's legal mail. We deny plaintiff's motion. The Massachusetts warden is not a party to this action. Furthermore, while plaintiff claims that he has no funds in his prison account, he has not stated that the warden has refused to provide postage for appellant's legal mail. See Bounds v. Smith, 430 U.S. 817, ___ ______ _____ 824-25 (1977) ("It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents and with stamps to mail them"). In any event, any challenge to the prison's mailing practices should be brought in the district court. We have considered all of plaintiff's allegations and arguments and find them to be without merit. Affirmed. ________ -3-